## NELSON *v.* CONNER et al.

*A partnership creditor cannot seize under a fi. fa. the interest of any individual partner in the partnership; he must seize the assets of the partnership.*

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Elmore* and *W. W. King*, for the appellant. *Roselius*, contrâ. On the first hearing of this case, the following opinion of the court was pronounced by

SLIDELL, J. *Nelson* had obtained a judgment against *Conner, Gridley & Co.*, which he transferred, with subrogation, to *Thornton Lawson.* The transferee issued execution against the defendants, and seized under it all the right, title and interest of *Whitehead*, one of the defendants, in and to the commercial firm of *Conner, Gridley & Co.* Thereupon *Whitehead* obtained an injunction arresting further proceeedings upon the writ, upon two grounds: *first*, that the judgment had been paid, with the funds of the firm, by *Conner*, one of the solidary debtors, who, for the purpose of defrauding *Whitehead*, his partner, had induced *Nelson* to give a receipt for the amount of the judgment in *Lawson's* name, and subrogate *Lawson* to his rights as a judgment creditor; *secondly*, that the interest of *Whitehead* in the partnership could not be legally seized, the judgment being against the partnership itself, and for a partnership debt.

I. To establish the fraudulent combination between *Conner & Lawson*, *Whitehead*, the plaintiff in injunction, propounded interrogatories to *Lawson;* his answers were offered by the plaintiff in injunction, and are the only evidence presented by the record. These answers explicitly negative the allegations of *Whitehead.* They show that *Lawson* paid for the judgment transferred to him by *Nelson*, with his own money; though it appears that a portion of this money used by *Lawson* in the purchase of the judgment was received from *Conner*, on account of the proceeds of certain cotton which *Lawson* had shipped to *Conner*, who was his factor. *Conner* individually, and not as a member of the firm of *Conner, Gridley & Co.*, whose partnership affairs were long before under judicial liquidation, had become the factor of *Lawson*, and was bound to pay over to *Lawson* the proceeds of his crop thus placed in the factor's

hands; and this duty was not affected by a knowledge on the part of *Conner* of its contemplated application by *Lawson*, who was the master of his own funds, and of the judgment thus purchsed with them.

II. *Lawson*, as the judgment creditor of *Conner, Gridley & Co.*, had a right to prosecute his execution against any member of that firm, they being bound to him *in solidò*. In the exercise of that right it was lawful for him, if property was not poiuted out to him by *Whitehead*, pursuant to art. 646 of the Code of Practice, to seize any property of his debtor. The interest of a partner in a commercial firm may be seized under execution (Civil Code, 2794), and the fact that the firm itself is liable for the debt does not appear to us as debarring the creditor from such a seizure. It is besides proper to remark that, it appears from previous proceedings in this case, that the assets of the firm of *Conner, Gridley & Co.* had been placed under the charge of a receiver by an order of the District Court, and when the original owner of this judgment had previously levied upon the funds of the partnership in the custody of the District Court, where the receiver had deposited them, the seizure was declared inoperative. See the case of *Nelson* v. *Conner*, 6 Rob. p. 339. We are therefore of opinion that there is error in the judgment of the court below, perpetuating the injunction.

## ON A RE-HEARING.

THE judgment of the court was pronounced by

Rost, J. The additional argument of the plaintiff's counsel in this case, and a more thorough investigation of the question it involves, have satisfied us that we were in error.

A creditor should never be permitted to seize the right of his debtor to a thing, when he can seize the thing itself. Such a power instead of advancing the cause of justice, would exclusively tend to speculation and oppression. It is not a sufficient answer to this objection to say that, in the present case, the thing tself, namely, the partnership property, is locked up from seizure by the receivership, under the order of the First District Court, as was considered in the case between the same parties in 6 Rob. 339. If the law has taken charge of the fund, and is administering it for the plaintiff's benefit, it is giving him his remedy in another form; and therefore he ought not to complain.

We have sought in vain in the jurisprudence of other countries for authorities n support of this proceeding. In England, the rule that a separate creditor of partner may seize his interest in the partnership, appears to be substantially he same as that contained in art. 2794 of the Civil Code. But we have been nable to find any case recognizing the right of a creditor of the partnership to nake such a seizure. Wordsworth, on Joint Stock Companies, nos. 280, 287. Law Library, vol. 29.

The interest of each partner in the joint concern, whatever it be, must be made up of the assets of the partnership. Those assets, when not under a general course of administration for the benefit of all the creditors, may be seized by those who have judgments. This remedy is ample, and we are satisfied that the law contemplates no other.

It is decreed that the judgment of the court below be reversed, so far as it goes

to sustain the ground of payment pleaded in the injunction, and be affirmed so far as it enjoins the plaintiff from selling under execution, on his judgment against *Conner, Gridley & Co.*, the interest of *William Whitehead* in said firm; the appellee paying the costs of this appeal.